**The below described is SIGNED.**





**Dated: May 17, 2013**

**WILLIAM T. THURMAN
U.S. Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:** | **Bankruptcy Case No. 12-24048**<br>**Chapter 11**<br>**(Filed Electronically)** |
| **TERRY CHARLES DIEHL,** | |
| **Debtor.** | **Judge William T. Thurman** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING DEBTOR'S MODIFIED PLAN OF REORGANIZATION**

Confirmation of the Debtor's Modified Plan of Reorganization [docket # 181] (the "Plan"), came on for hearing before the Honorable William T. Thurman on April 18, 2013, at 2:00 p.m. Proper notice of the confirmation hearing having been made, the Bankruptcy Court,[1] having considered the matters before it, including the Plan, the Plan ballots, the testimony of Terry Charles Diehl proffered in support of confirmation of the Plan which is on file with the Bankruptcy Court, all objections to the Plan having been withdrawn, all Classes of Creditors having voted to accept the Plan, and good cause appearing, hereby makes the following Findings of Fact, Conclusions of Law and Order, in addition to the findings of fact made of record at the hearing:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

1. Notice of the Confirmation Hearing was sufficient and complied with applicable requirements of the Bankruptcy Code and Bankruptcy Rules.

2. The Plan complies with the applicable provisions of the Bankruptcy Code.

3. The Plan complies with applicable provisions of section 1122 of the Bankruptcy Code in that it has placed within each respective Class only those Claims or Interests which are substantially similar. Each secured claim is separately classified according to its various rights, and all unsecured claims are classified in Classes 9(a) and 9(b).

4. The Plan complies with section 1122 in that the there are not too few or too many Classes, the classification is not designed to manipulate voting, and the classification scheme does not violate basic priority rights.

5. The Plan complies with the applicable provisions of section 1123 of the Bankruptcy Code as specifically described hereafter and in the proffered testimony of Terry Charles Diehl at the Confirmation Hearing.

6. The Plan complies with sections 1123(a)(1) through (4) of the Bankruptcy Code in that it designates Classes of Claims and Classes of Interests, specifies which Classes of Claims and Interests are and are not Impaired, specifies the treatment of all Impaired Classes of Claims and Interests; and provides for the same treatment for each Claim or Interest of a particular Class unless the holders thereof agree to a less favorable treatment.

7. The Plan complies with sections 1123(a)(5) of the Bankruptcy Code in that the Plan provides adequate means for implementation, including, without limitation, the creation of the Plan Fund.

8. The Plan complies with section 1123(b) of the Bankruptcy Code in that it provides for the treatment of all Claims and Interests, whether Impaired or otherwise, provides for the assumption or rejection of all executory contracts or unexpired leases of the Debtor, and includes other appropriate provisions not inconsistent with the Bankruptcy Code.

9. The Plan complies with section 1126(a) of the Bankruptcy Code in that holders of Claims or Interests have been entitled to vote to accept or reject the Plan.

10. Ballots soliciting acceptances or rejections of the Plan have been provided to each such holder entitled to vote, and such Ballots have been tabulated by Debtor's counsel.

11. The results of such balloting have been filed with the Bankruptcy Court and no party in interest has objected either to the procedures for notice and balloting, the execution of such procedures, or the final tabulation of such Ballots.

12. The Plan complies with section 1126(c) of the Bankruptcy Code in that all impaired Classes have voted to accept the Plan.

13. The Plan complies with the applicable provisions of section 1129 of the Bankruptcy Code as specifically described hereafter.

14. The Plan complies with section 1129(a)(2) of the Bankruptcy Code in that the Debtor complied with the applicable provisions of title 11 of the United States Code.

15. The Plan complies with section 1129(a)(3) of the Bankruptcy Code in that the Debtor has proposed the Plan in good faith and not by any means forbidden by law.

16. The Plan complies with section 1129(a)(4) of the Bankruptcy Code in that any payment made or to be made by the Debtor for services or for costs and expenses in or in

connection with the Bankruptcy Case has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.

17. The Plan complies with section 1129(a)(5) of the Bankruptcy Code as there are no other directors, officers or voting trustees to be appointed for the Debtor.

18. Section 1129(a)(6) of the Bankruptcy Code does not apply because there is no such rate change sought;

19. The Plan complies with sections 1129(a)(7) and (8) in that with respect to each Impaired Class of Claims or Interests, holders of such Class have accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code.

20. The Plan complies with section 1129(a)(9)(A) in that, except to the extent that a holder of a particular Claim has agreed to a different treatment, the Plan provides that, with respect to Claims of a kind specified in sections 507(a)(2) or (3) of the Bankruptcy Code, the holder of such a Claim will receive, on the Effective Date or the date such Claim becomes Allowed, Cash equal to the Allowed amount of such Claim.

21. The Plan complies with section 1129(a)(9)(B) in that, except to the extent that a holder of a particular Claim has agreed to a different treatment, the Plan provides that, with respect to Claims of a kind specified in sections 507(a)(1) and (4) through (7), each such holder of such a Claim will receive, on the Effective Date or the date such Claim becomes Allowed, Cash equal to the Allowed amount of such Claim;

22. The Plan complies with section 1129(a)(9)(C) in that the holders of Claims of the kind specified in section 507(a)(8) will receive Cash equal to the Allowed amount of such Claims within the time period stated in section 507(a)(8);

23. The Plan complies with section 1129(a)(10) in that all Impaired Classes of Claims voted to accept the Plan.

24. The Plan complies with section 1129(a)(11) in that Confirmation is not likely to be followed by liquidation, or the need for further financial reorganization.

25. The Plan complies with section 1129(a)(12) in that the Plan provides for the payment of all fees payable under section 1930 of title 28 as of the Effective Date, and in fact the Debtor has made all such required payments throughout the administration of this case.

26. Section 1129(a)(13) of the Bankruptcy Code does not apply because the Debtor does not have, and will not have, after the Effective Date, any obligation for the payment of retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code.

27. The Plan complied with section 1129(a)(14) because the Debtor is current on all payments under his domestic support order.

28. Section 1129(a)(15) of the Bankruptcy Code does not apply because no holder of an Allowed Unsecured Claim objected to Confirmation of the Plan.

29. Section 1129(a)(16) of the Bankruptcy Code does not apply because the Debtor is not one of entities subject to such special restrictions on transfers.

30. All objections to Confirmation filed have been withdrawn by the objecting parties.

31. A Disclosure Statement, under section 1125, has been sent to all Creditors.

## **CONCLUSIONS OF LAW AND ORDER**

Based on the foregoing Findings of Fact, the Court hereby concludes, as a matter of law, and orders that:

A. <u>Confirmation</u>. The Plan is approved and confirmed under section 1129.

B. <u>Binding Effect</u>. The Plan and its provisions shall bind the Debtor, all Creditors, Interest Holders and other parties in interest, whether or not the Claim or Interest of such Creditor or Interest Holder is impaired under the Plan and whether or not such Creditor or Interest Holder has accepted the Plan.

C. <u>Vesting of Assets</u>. Pursuant to the Plan and except as otherwise expressly provided in the Plan, on the Effective Date, without any further action, all of the Assets of the Debtor's Estate shall vest in the Reorganized Debtor, free and clear of all Claims, liens, encumbrances, charges and other interests, except as otherwise provided in the Plan. From and after the Effective Date, the Reorganized Debtor may operate his business and use and acquire and dispose of property and settle and compromise claims or interests arising on or after the Effective Date without supervision by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Rules, including applicable local rules, other than those restrictions expressly imposed by the Plan.

D. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases</u>. Pursuant to Section 10.1 of the Plan, as of the Effective Date, executory contracts and unexpired leases of the Debtor are rejected, unless otherwise set forth in the Plan, or other Order of the Bankruptcy Court.

E.      <u>Preservation of Rights of Action</u>.  Pursuant to the Plan, the Reorganized Debtor and its Estate shall retain, as of the Effective Date and may enforce any and all Claims of the Debtor.

F.      <u>Discharge of the Debtor</u>.  Except as otherwise provided in the Plan and the Schedules to the Plan or in this Order: (i) the Reorganized Debtor shall be deemed discharged and released to the fullest extent permitted by section 1141 of the Bankruptcy Code from all Claims and Interests that arose prior to the Effective Date, including Claims arising under sections 502(g), 502(h) and 502(i) of the Bankruptcy Code.  Except as provided in the Plan, all Persons shall be precluded from asserting against the Reorganized Debtor or his Assets any Claim or Interest.

G.      <u>Discharge Injunction</u>.  Except as otherwise provided in the Plan and all Schedules thereto or in this Order, on and after the Effective Date, all Persons who have held, currently hold or may hold a Claim or Interest are permanently enjoined from taking the following action against the Reorganized Debtor and his Cash and Assets in any manner inconsistent with the Plan and the Confirmation Order: (i) commencing or continuing an action or proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; or (iii) creating, perfecting or enforcing any lien or encumbrance.  To the extent that the Reorganized Debtor is injured by a willful violation of such injunction, the Reorganized Debtor shall be entitled to recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages from a willful violator.  Nothing herein shall be construed to grant a discharge that exceeds the scope of the discharge otherwise provided pursuant to the Bankruptcy Code.

H.     <u>Preservation of Settlement Agreement with South Mountain, L.C. and GEM/Group Estates Management, Inc</u>.  On April 18, 2013, the Court entered its "Order Granting Motion to Approve Settlement Agreement with South Mountain L.C. and GEM/Group Estates Management, Inc." [docket # 189] (the "<u>Approval Order</u>"), approving a settlement agreement (the "<u>South Mountain/GEM Settlement Agreement</u>") with South Mountain L.C. and GEM/Group Estates as provided in the Approval Order.  The Approval Order provides that the parties to the South Mountain/GEM Settlement Agreement are authorized to implement and enforce the Settlement Agreement including, without limitation, (a) the provisions concerning the payment of claims; and (b) authorizing the Debtor to execute the guaranty as provided in Section 3.3 of the South Mountain/GEM Settlement Agreement.   The Approval Order further provides that "[n]othing in the Debtor's Modified Plan of Reorganization modifies the [South Mountain/GEM Settlement] Agreement, including, without limitation, its provisions for payment and the non-discharge of the Aggregate Settlement Amount."  [Approval Order, ¶ 4.] The Approval Order further provides that "[i]n the event of any inconsistency between the Debtor's Modified Plan of Reorganization or its confirmation order and the [South Mountain/GEM Settlement] Agreement, the terms of the [South Mountain/GEM Settlement] Agreement shall govern."  [Approval Order, ¶ 5.]  The Approval Order further provides that "[t]he Aggregate Settlement Amount as provided in the [South Mountain/GEM Settlement] Agreement and the associated Stipulated Judgments are nondischargeable, pursuant to Bankruptcy Code Section 523(a), in this bankruptcy case or in any subsequent case under title 11 of the U.S. Code, and the Court approves the Debtor's waiver of discharge and reaffirmation as provided in Section 3.6 of the [South Mountain/GEM Settlement] Agreement."  [Approval Order, ¶ 6.]  Finally, the Approval Order authorizes the

8

parties to the South Mountain/GEM Settlement Agreement, "in the event of default and subject to the terms and conditions of the [South Mountain/GEM Settlement] Agreement, to file with the Court and with the applicable state court, the Stipulated Judgments as provided in the [South Mountain/GEM Settlement] Agreement, and reopen this bankruptcy case for that purpose, if necessary, for the purpose of filing a declaration regarding an Event of Default (as defined in the [South Mountain/GEM Settlement] Agreement), the determination of any objection of Diehl to the asserted default, and entry of the Stipulated Judgment in this case." [Approval Order, ¶ 7.] Accordingly, this Order does not modify or affect the Approval Order and, for avoidance of doubt, all of the provisions of the Approval Order and the South Mountain/GEM Settlement Agreement remain fully effective, operative, and enforceable in accordance with their terms, notwithstanding any other provision of this Order, the Plan, or any Schedules to the Plan.

I.    Notice of Entry of Confirmation.  Within ten (10) Business Days following the entry of this Order, the Reorganized Debtor shall serve notice of the entry of this Order pursuant to Bankruptcy Rules 2002(f)(7), 2002() and 3020(c) on all Creditors and Interest holders, the United States Trustee, and other parties in interest, by causing a copy of this Order to be delivered to such parties via first-class mail, postage prepaid.

J.    Bankruptcy Court Retention of Jurisdiction.  Notwithstanding anything contained in the Plan, this Court shall retain jurisdiction over the Reorganized Debtor only to the extent permitted under the Bankruptcy Code. This Court shall retain jurisdiction to the extent necessary to enforce the Plan.

K.    Entire Agreement.  The Plan supersedes all prior discussions, understandings, agreements, and documents pertaining to or relating to any subject matter of the Plan. If any

inconsistency between the provisions of this Order and the provisions of the Plan exists, the provisions of the Plan will govern and control. However, nothing in this Order or the Plan contravenes or supersedes any prior Order of the Bankruptcy Court approving any settlement agreement or compromise with any Creditor.

L. <u>Implementation</u>. The Debtor, through the Debtor, is hereby authorized and directed to implement the terms of the Plan, and perform such other acts as required by the Plan.

[End of Order]

Approved as to Form:

| MILLER GUYMON, P.C. | DURHAM JONES & PINEGAR |
|---|---|
| */s/ James W. Anderson* | */s/ Steven McCardell* |
| James W. Anderson | Steven McCardell |
| *Counsel for the Debtor* | (Signature Used with Permission) |
| | *Counsel for South Mountain, L.C. and GEM/Group Estates Management, Inc.* |
| SNELL & WILMER, L.L.P. | UNITED STATES TRUSTEE |
| */s/ Troy J. Aramburu* | */s/ John T. Morgan* |
| Troy J. Aramburu | John T. Morgan |
| (Signature Used with Permission) | (Signature Used with Permission) |
| *Counsel for the Official Committee of Unsecured Creditors* | *Counsel for the United States Trustee* |
| LUNDBERG & ASSOCIATES | SALT LAKE COUNTY DISTRICT ATTORNEY |
| */s/ Mark S. Middlemas* | */s/ Zachary Shaw* |
| Mark S. Middlemas | Zachary Shaw |
| (Signature Used with Permission) | (Signature Used with Permission) |
| *Counsel for Deutsche Bank National Trust Company c/o Bank of America* | *Counsel for Salt Lake County* |

**DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing **FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING DEBTOR'S MODIFIED PLAN OF REORGANIZATION** shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered with the CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- James W. Anderson    anderson@millerguymon.com, jimulaw@msn.com
- Troy J. Aramburu    taramburu@swlaw.com, jpollard@swlaw.com; docket_slc@swlaw.com
- Melyssa D. Davidson    mdd@pkhlawyers.com, tm@pkhlawyers.com
- Steven J. McCardell    smccardell@djplaw.com, khughes@djplaw.com
- Blake D. Miller    miller@millerguymon.com, millermobile@gmail.com; miller.blaked@gmail.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov; Rinehart.Peshell@usdoj.gov; Suzanne.Verhaal@usdoj.gov
- Jerome Romero    jromero@joneswaldo.com, bparry@joneswaldo.com
- Zachary Shaw    zshaw@slco.org, jrpeterson@slco.org
- Jeffrey Weston Shields    jshields@swlaw.com, jpollard@swlaw.com; docket_slc@swlaw.com
- Steven C. Strong    scs@pkhlawyers.com, jh@pkhlawyers.com
- Engels Tejeda    etejeda81@gmail.com, jkoolhoven@swlaw.com
- Richard C. Terry    richard@tjblawyers.com, cbcecf@yahoo.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Aaron M. Waite    awaite@ccfirm.com, jvantilburg@ccfirm.com; Yylagan@ccfirm.com; mrosales@ccfirm.com; jcraig@ccfirm.com
- Kim R. x2Wilson    bankruptcy_krw@scmlaw.com
- Mark S. x3Middlemas    ecfmaildistgroup@lundbergfirm.com, lundbergbk@gmail.com
- Kim R. x3Wilson    bankruptcy_krw@scmlaw.com
- Mark S. x4Middlemas    ecfmaildistgroup@lundbergfirm.com, kent.plott@lundbergfirm.com; lundbergbk@gmail.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b):

All parties on the Court's official case matrix.

*/s/ James W. Anderson*
James W. Anderson