Troy J. Aramburu (10444)
**SNELL & WILMER L.L.P.**
15 W. South Temple, Suite 1200
Salt Lake City, UT 84101
Telephone: (801) 257-1900
Facsimile:  (801) 257-1800
Email: taramburu@swlaw.com

*Counsel for Snell & Wilmer L.L.P.*

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | **Bankruptcy Case No. 12-24048 WTT** |
|---|---|
| **TERRY CHARLES DIEHL,** | (Chapter 11) |
| Debtor. | Judge William T. Thurman |

**OBJECTION TO DEBTOR'S MOTION FOR ORDER CLOSING CASE**

Snell & Wilmer L.L.P. ("**S&W**"), as holder of an unpaid allowed administrative expense claim resulting from S&W's representation of the Official Committee of Unsecured Creditors (the "**Committee**") of Terry Diehl (the "**Debtor**"), hereby objects to Debtor's *Motion for Order Closing Case* (the "**Motion to Close Case**"), dated July 22, 2014 [Doc. 253]. In support of this Objection, S&W states as follows:

BACKGROUND

1.      On June 11, 2012, the United States Trustee appointed the Committee.  [Doc. 22]

2.      On July 3, 2012, the Committee filed a motion seeking authority to employ S&W effective June 20, 2012 to provide counsel to the Committee in the above-captioned case.  [Doc. 28]  On August 8, 2012, the Court entered an order granting the Committee's motion in all respects.  [Doc. 50]

1

3. On February 28, 2013, S&W filed its *First Application of the Official Committee of Unsecured Creditors for Compensation of Counsel pursuant to 11 U.S. C. §§ 330 and 331 for the Period From June 20, 2012 through and Including January 31, 2013* (the "**First Application**"). [Doc. 138] On April 12, 2013, the Court entered an order granting the First Application. [Doc. 177]

4. On April 18, 2013, the Debtor filed *Debtor's Modified Plan of Reorganization* (the "**Plan**"). [Doc. 181]

5. On May 17, 2013, the Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Debtor's Modified Plan of Reorganization* (the "**Confirmation Order**"). [Doc. 197]

6. On May 31, 2013, the Debtor filed his Notice of Entry of the Confirmation Order [Doc. 199], pursuant to which the Debtor notified parties in interest that the "Effective Date" under the Plan was June 3, 2013, and that the "Claims Objection Deadline" was October 1, 2013.

7. On August 2, 2013, S&W filed its *Second and Final Application of Snell & Wilmer L.L.P. as Counsel for the Official Committee of Unsecured Creditors for Compensation Pursuant to 11 U.S.C. §§ 330 for the Period from February 1, 2013 Through and Including May 17, 2013* (the "**Final Fee Application**"). [Doc. 203]

8. On September 4, 2013, the Court entered its Order [Doc. 209] granting the relief requested in the Final Fee Application, and awarding on a final basis the relief requested in the First Application, such that S&W held a priority administrative expense claim pursuant to Sections 503(b)(2) and 507(a)(2) in the total amount of $51,797.10, to be paid to S&W as an Allowed Administrative Expense Claim under the Plan (the "**S&W Administrative Expense Claim**").

9. Pursuant to the terms of the Plan, the Committee was terminated on October 1, 2013, which was the Claims Objection Deadline. *See* Plan, § 7.10.

10. Pursuant to the terms of the Plan, Allowed Administrative Expense Claims, such as the S&W Administrative Expense Claim, were to be paid in full "on or as soon as reasonably practicable following" the Effective Date, which was June 3, 2013. *See* Plan, § 2.1(c).

11. As of the date of this Objection, the Debtor has made three payments to S&W on account of the S&W Administrative Expense Claim, for a total of $39,240.40 paid to S&W. Accordingly, the Debtor still owes $12,556.70 to S&W on the S&W Administrative Claim. The last payment made by the Debtor was in February 2014.

12. S&W also has been informed and believes that the unsecured creditors who served on the Committee, who are holders of Class 9(a) General Unsecured Claims, have not received any distributions under the Plan, despite the Plan's requirement that the Debtor fund the Plan Fund on a yearly basis, starting on or before June 3, 2014, to begin making distributions to such unsecured creditors on or before 45 days after the Debtor makes such deposits into the Plan fund each year. *See* Plan, §§ 4.9(b) and 8.1. Additionally, there is no mention by the Debtor in the Motion to Close Case that the Debtor has deposited the funds as required in the Plan Fund or even set up the Plan Fund.

**OBJECTION**

The Court should deny the Debtor's Motion to Close Case, as the estate has not yet been "fully administered" under Section 350(a). At the very least, the Debtor has no showing in his Motion to Close Case that there has been full administration required by Section 350(a).

While the term "fully administered" is not defined in the Bankruptcy Code, "at a minimum, the concept must mean that administrative claims have been provided for at least to the extent that assets exist out of which administrative claims can be partly or wholly paid." *In re Kliegel Bros. Universal Elec. State Lighting Co.*, 238 B.R. 531, 542 (Bankr. E.D N.Y. 1999). Here, the Debtor has failed to pay the S&W Administrative Claim in full, by the Effective Date or otherwise. The Debtor has also not identified how he plans to pay the

3

outstanding allowed administrative claims in this case, or whether there are assets that exist from which such claims may be partially or wholly paid. Accordingly, the Debtor's request to close the case should be denied.

The Court should also consider "whether deposits required by the plan have been distributed" when deciding whether the estate has been "fully administered" for purposes of closing the case. *See* Fed. R. Bankr. P. 3022, Adv. Comm. Note – 1991 Amendment. Additionally, the "fact that the application and entry of the final decree may be merely administrative in nature, does not abrogate the duty to provide the court will all information necessary to make an informed determination as to whether a closing of the case is appropriate." *Kliegel Bros.*, 238 B.R. at 542. Here, the Debtor has made no showing that he has made the initial deposit to the Plan Fund such that distributions to general unsecured creditors could *begin* to be paid. Based on this lack of information, the Court should deny the Motion to Close Case.

WHEREFORE, for the reasons set forth above, S&W requests that the Court deny the Motion to Close Case until such time as the Debtor has shown that the estate has been "fully administered" pursuant to Section 350(a).

DATED: August 22, 2014.

                                      **SNELL & WILMER L.L.P.**

                                      /s/ Troy J. Aramburu
                                      Troy J. Aramburu
                                      *Counsel for Snell & Wilmer L.L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2014, a true and correct copy of the foregoing was electronically filed with the Court and therefore served via CM/ECF to the following electronic filing users:

- James W. Anderson    anderson@millerguymon.com, jimulaw@msn.com
- Troy J. Aramburu     taramburu@swlaw.com, rmaxwell@swlaw.com; docket_slc@swlaw.com
- Leonard J. Carson    len@pearsonbutler.com
- Andrew B. Clawson    Andrew@abclawutah.com
- Michael R. Johnson   mjohnson@rqn.com
- Steven J. McCardell  smccardell@djplaw.com, khughes@djplaw.com
- Blake D. Miller      miller@millerguymon.com, millermobile@gmail.com; miller@ecf.inforuptcy.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov; Rinehart.Peshell@usdoj.gov; Suzanne.Verhaal@usdoj.gov
- Kendall S. Peterson  k.peterson@legalut.com
- Jerome Romero        jromero@joneswaldo.com, bparry@joneswaldo.com
- Zachary Shaw         zshaw@slco.org, RMcDonough@slco.org
- Jeffrey Weston Shields    jshields@joneswaldo.com
- Engels Tejeda        etejeda81@gmail.com
- Richard C. Terry     richard@tjblawyers.com, cbcecf@yahoo.com
- Aaron M. Waite       awaite@ccfirm.com, jcraig@ccfirm.com
- Kim R. x2Wilson      bankruptcy_krw@scmlaw.com
- Mark S. x3Middlemas       ecfmaildistgroup@lundbergfirm.com , lundbergbk@gmail.com
- Kim R. x3Wilson      bankruptcy_krw@scmlaw.com
- Mark S. x4Middlemas       ecfmaildistgroup@lundbergfirm.com, kent.plott@lundbergfirm.com; lundbergbk@gmail.com

/s/ Troy J. Aramburu